UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ANNE PHILPOTT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 14-06099-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 7, 2014, Carol Anne Philpott ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on November 25, 2014.  On May 21, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 57-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on December 29, 2011, alleging disability beginning November 6, 2010.  (AR 17.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 6, 2010, the alleged onset date.  (AR 19.)

Plaintiff's claims were denied initially on June 4, 2012 and on reconsideration on December 7, 2012.  (AR 17.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharon L. Madsen on November 12, 2013 in Fresno, California.  (AR 17.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 17.)  Vocational Expert ("VE") Thomas C. Dachelet also appeared and testified at the hearing.  (AR 17.)

The ALJ issued an unfavorable decision on February 3, 2014.  (AR 17-24.)  The Appeals Council denied review on May 29, 2014.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ provided clear and convincing reasons for rejecting probative medical source opinions.

2.    Whether the ALJ properly found Carol Anne Philpott capable of performing her past relevant work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 6, 2010, the alleged onset date.  (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: left knee degenerative joint disease, lumbar degenerative joint disease, cervical degenerative joint disease, and right elbow degenerative joint disease.  (AR 19-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 20.)

The ALJ then found that Plaintiff has the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk six to eight hours and sit six to eight hours in an eight hour workday, and occasionally kneel, crouch, crawl, climb, stoop, and reach overhead.  (20 C.F.R. §§ 404.1567(b) and 416.967(b)).  (AR 21-23.)  In determining the above RFC, the ALJ made an adverse credibility determination which Plaintiff does not challenge here.  (AR 23.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a chef.  (AR 23-24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 24.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence in determining that Plaintiff did not have a severe mental impairment.  The ALJ's determination that Plaintiff can perform her prior work as a chef is supported by substantial evidence.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ'S NONSEVERITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff asserts that the ALJ erred in finding that Plaintiff does not have a medically determinable severe mental impairment .  The Court disagrees.

**A.    Relevant Law Regarding Step Two Severity Findings**

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments.  Bowen v. Yuckert, 482 U.S. at 140-41.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe.  Id.  Also, the ALJ must consider the claimant's subjective symptoms in determining severity.  Id.

The step two determination is a de minimis screening device to dispose of groundless claims.  Bowen v. Yuckert, 482 U.S. at 153-54.  An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two.  Webb, 433 F.3d at 687 (adopting SSR 85-28).

**B.    Relevant Federal Law On Medical Evidence**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d

821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

## C.    Analysis

The ALJ determined that Plaintiff does not have a medically determinable severe mental impairment.  (AR 19-20.)  In making this finding, the ALJ rejected the opinions of two physicians.  Dr. Ekram Michiel, a consulting psychiatrist, diagnosed adjustment disorder with depressed mood and opined Plaintiff could carry out simple job instructions.  (AR 20-21, 524.)  State agency medical consultant Dr. G. Johnson found Ms. Philpott had a moderate limitation in her ability to maintain concentration, persistence and pace, and opined that she was capable of simple repetitive tasks.  (AR 21, 127, 129.)

A limitation to simple, repetitive tasks, moreover, is consistent with the GED reasoning Levels 1 and 2.  See, e.g., Tudino v. Barnhart, 2008 WL 4161443*11 (S.D. Cal. 2008) ("Level-two reasoning appears to be the breaking point for those individuals limited to performing only simple repetitive tasks").  This limitation to simple, repetitive tasks would preclude Plaintiff's prior work as a chef because that job (DOT 313.131-014) requires Level 4 reasoning.  See, e.g., Grimes v. Astrue, 2011 WL 164537*4 (C.D. Cal. 2011) (limitation to simple, repetitive tasks not consistent with jobs requiring Level 3 reasoning).

The ALJ rejected these opinions because a diagnosis of depression is not supported by the record.  (AR 20.)  An ALJ may reject a physician's opinion that is unsupported by the record.  Batson v. Comm'r of Soc. Sec. Adm., 359 F.3d 1190, 1995 (9th Cir. 2004).  The ALJ found that "years of medical evidence" is "void of mental health treatment."  (AR 20.)  In over 250 pages of medical records, there are but a few fleeting references to a possible mental impairment but no diagnoses, assessment of any limitations or any mental health treatment.  Dr. Daniel Brubaker, D.O., treated Plaintiff from 2005 to 2008.  (AR 425-475).  Dr. Brubaker only once on April 8, 2008 mentioned "mild depression" with no indication of treatment and no assessment of any functional limitations.  (AR 425.)  On November 1, 2012 Plaintiff complained of anxiety to

consulting internist Dr. Rustom F. Damania (AR 515) but there is no indication that Plaintiff received mental health treatment.  (AR 515-520.)  The records also contain a brief note of stress at work with depression on October 30, 2013 but with no restriction to simple, repetitive tasks.  (AR 667.)  Plaintiff <u>denied</u> any prior depression in this same note.  (AR 668.)  Dr. Michiel himself reported no past psychiatric hospitalization and no mental health follow-up.  (AR 522.)  Also, in the records is a December 23, 2010 form from the Department of Corrections and Rehabilitation indicating that Plaintiff did not have a mental health problem and had never been treated for a mental illness.  (AR 497.)  She expressly declined mental health treatment.  (AR 492.)  Thus, the ALJ's rejection of Dr. Michiel's opinion is supported by substantial evidence, as is the finding that Plaintiff does not have a medically determinable mental impairment .

The same lack of record evidence supports the ALJ's rejection of Dr. Johnson's opinion.  The ALJ added that, after Dr. Johnson's December 6, 2012 opinion, additional records were added to the record that he did not have the opportunity to review.  (AR 20.)  Plaintiff argues that these records only reflect medical findings on her physical impairments.  To the contrary, the additional records from Community Health Centers indicate normal psychiatric findings.  (AR 563, 556, 552, 549.)  She also was not taking any medication for mental illness.  (AR 401.)

The ALJ also made an adverse credibility determination because Plaintiff had been incarcerated for fraud at the time she filed an application for disability and she made various complaints over the years with minimal objective findings.  (AR 23.)  The ALJ also noted Claimant has worked on and off during the relevant time period.  (AR 23, 487, 516, 395, 563, 569, 668.)  Plaintiff does not challenge the ALJ's adverse credibility determination.  A physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded.  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff disputes the ALJ's nonseverity finding, arguing that, because the opinions of Dr. Michiel and Dr. Johnson were not controverted, the ALJ must provide clear and

convincing reasons for rejecting their opinions.  As already noted, however, their opinions are contradicted by the medical evidence of record and the normal mental health findings discussed above.  Thus, the ALJ only needed to provide specific legitimate reasons for rejecting those opinions.  See Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001.)  It is the ALJ's responsibility, moreover, to resolve conflicts in the medical evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinions of Dr. Michiel and Dr. Johnson for clear and convincing, and for specific, legitimate, reasons supported by substantial evidence.

**II.   THE ALJ'S DETERMINATION THAT PLAINTIFF CAN PERFORM HER PRIOR WORK IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff asserts that the ALJ's RFC limitation to occasional overhead reaching precludes her prior relevant work as a chef.  The Court disagrees.

**A.   Applicable Law Regarding Past Relevant Work ("PRW")**

A claimant has the burden of proving that he or she no longer can perform past relevant work.  Pinto, 249 F.3d at 844.  The ALJ, however, has a duty to make the requisite factual findings to support his conclusion on PRW.  Id.  This is done by examining a claimant's RFC and the physical and mental demands of the claimant's PRW.  Id. at 844-45.  Social Security regulations advise the ALJ to consider first whether the individual still can do PRW as he or she actually performed it because individual jobs within a category may not entail all of the requirements of a job in that category set forth in the Dictionary of Occupational Titles ("DOT").  SSR 96-8p; Pinto, 249 F.3d at 845.  The claimant is an important source of information about his or her PRW.  SSR 82-41; Pinto, 249 F.3d at 845.  Other sources of information that may be consulted include vocational expert ("VE") testimony and DOT.  20 C.F.R. § 404.1560 (b)(2) and § 416.960 (b)(2); SSR 82-61.

1  The ALJ then can proceed to determine whether a claimant can perform his or her
2  PRW as <u>generally</u> performed.  <u>Id.</u>  Typically, the best source of how a job is generally
3  performed in the national economy is the DOT.  <u>Id.</u>  An ALJ may accept vocational
4  expert testimony that varies from the DOT, but the record must contain "persuasive
5  evidence to support the deviation."  <u>Id.</u> at 846 (quoting <u>Johnson v. Shalala</u>, 60 F.3d
6  1428, 1435 (9th Cir. 1995)).  The ALJ has an affirmative responsibility to ask whether a
7  conflict exists between a VE's testimony and the DOT.  SSR OO-4p; <u>Massachi v. Astrue</u>,
8  486 F.3d 1149, 1153 (9th Cir. 2007).  If there is a conflict the ALJ must obtain a
9  reasonable explanation for the conflict and then must decide whether to rely on the VE
10  or DOT.  <u>Id.</u>; <u>Massachi</u>, 486 F.3d at 1153.  Failure to do so, however, can be harmless
11  error where there is no conflict or the VE provides sufficient support to justify variation
12  from DOT.  <u>Id.</u> at 1154 n.19.

13  **B.   Analysis**

14  The ALJ assessed Plaintiff with a light work RFC with a limitation to <u>occasional</u>
15  overhead reaching.  (AR 21.)  The ALJ then found that Plaintiff could perform her past
16  relevant work as a chef as actually and generally performed.  (AR 23-24.)  The ALJ
17  relied on the testimony of the VE who stated that a person with Claimant's RFC would
18  be able to perform the Claimant's past work as a chef.  (AR 24.)  The job of chef,
19  however, requires <u>frequent</u> reaching.  (DOT 313.131-014.)  Plaintiff contends that the
20  VE's testimony is in conflict with the DOT and that the VE failed to explain that conflict.

21  Plaintiff's argument misfires from the start.  Plaintiff does not address the ALJ's
22  finding that Plaintiff can perform her prior work as a chef as <u>actually</u> performed.  All of
23  Plaintiff's arguments are directed to the chef job as <u>generally</u> performed.  Even if Plaintiff
24  cannot perform her prior work as generally performed, <u>i.e.</u>, as described in the DOT, she
25  is not disabled if she can perform the job as she actually performed it.  SSR 82-61 (a
26  claimant will be found not disabled if he or she can perform the duties of a particular past
27  job as actually performed).

28

1    The ALJ's determination that Plaintiff can perform the job of chef as actually

2    performed is supported by substantial evidence.  Plaintiff specifically stated she could

3    work as a cook with occasional overhead reaching.  Plaintiff submitted a Description of

4    Employee Job Duties in which she marked "reaching above shoulder level" is required

5    only "Occasionally up to 3 hours."  (AR 360.)  September 12, 2013 treatment notes also

6    indicate that Plaintiff worked as a baker at the time (AR 569), indicating she could work

7    despite her alleged disability.  Plaintiff, moreover, was given temporary restrictions for

8    her job as a baker that did not include any overhead reaching limitation.  (AR 667.)

9    As for the chef job as generally performed, the ALJ posed a hypothetical to the VE

10   that included the overhead reaching limitation in the ALJ's RFC, and the VE testified that

11   Plaintiff could work as a chef.  (AR 58-59.)  Plaintiff asserts that the ALJ failed to ask the

12   VE whether her testimony was consistent with the DOT.  This assertion is untrue.  The

13   ALJ explicitly asked the VE if his testimony was consistent with the DOT and the VE

14   testified it was.  (AR 60.)  Plaintiff's attorney did not question the VE about potential

15   conflicts or the reaching restrictions.  (AR 59-60.)  Arguably, on these facts the ALJ met

16   her obligations under Massachi and SSR 00-4p to investigate potential conflicts with the

17   DOT.  See Wentz v. Comm'r of Soc. Sec., 401 Fed. Appx. 189, 191 (9th Cir. 2010).

18   Nor is it clear that there is any conflict between the VE's testimony and the DOT

19   that the VE needed to explain.  The job description in DOT 313.131-014 includes

20   activities that need not include overhead reaching, such as supervising cooks and

21   kitchen staff; employing, training and discharging workers; and maintaining time and

22   payroll records.  The reaching limitation is generic and need not always include

23   overhead reaching.  Plainly there are chef jobs that need not always include overhead

24   reaching.  Plaintiff herself performed one.  In any event, even if the VE's failure to

25   explain any presumed conflict between his testimony and the DOT was error, it was

26   harmless because of the separate and independent finding that Plaintiff could perform

27   the job as actually performed.  Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155,

28

1   1162-63 (9th Cir. 2008) ("the relevant inquiry . . . is whether the ALJ's decision remains

2   legally valid, despite [any] error").

3        The ALJ's past relevant work finding is supported by substantial evidence.

4                    * * *

5        The ALJ's nondisability determination is supported by substantial evidence and

6   free of legal error.

7   **ORDER**

8        IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

9   Commissioner of Social Security and dismissing this case with prejudice.

10

11  DATED: July 6, 2015                   _/s/ John E. McDermott_

                                            JOHN E. MCDERMOTT

12                                     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28